UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORY J. THORNTON, | ) | CASE NO.: 4:20CV1420 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Cory Thornton to the Report and Recommendation ("R&R") of the Magistrate Judge. On June 21, 2021, the Magistrate Judge issued her R&R in this matter recommending that the Court affirm the Commissioner. On July 5, 2021, Thornton objected to the R&R. On July 13, 2021, the Commissioner responded to the objections. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence

in the record that would have supported an opposite conclusion." *Id.*

Thornton's objection focuses upon the belief that the ALJ's failure to specifically address his left-ankle avascular necrosis, left-ankle bone infarction, or left-ankle posttraumatic arthritis. However, Thornton focuses almost exclusively on the ALJ's decision and fails in any meaningful way to address the R&R's resolution of his alleged errors. In resolving this issue, the R&R noted:

> But even if the ALJ should have separated out and listed Thornton's left-ankle avascular necrosis, left-ankle bone infarction, or left-ankle posttraumatic arthritis as individual severe impairments—i.e., if the ALJ erred at Step Two—then such an error is harmless. *Emard*, 953 F.3d at 852. The ALJ's decision demonstrates that she properly considered the exertional and postural limitations caused by Thornton's severe and non-severe left-ankle impairments. For instance, at Step Three, the ALJ stated that Thornton's "ankle impairment was evaluated under the criteria found in Listing 1.02(A). Because he does not have significant limitation of motion, and because he can ambulate effectively under the criteria of 1.00B(2)(b), the impairment does not meet the listing level." (ECF No. 10, PageID #: 77).
>
> Similarly, in fashioning Thornton's RFC, the ALJ noted that Thornton alleged "that he is always in pain and has difficulty walking, standing, and otherwise putting weight on his ankle." (ECF No. 10, PageID #: 79). She also noted, though, that while Thornton "stated that he falls frequently, … that is not completely consistent with the medical record." (ECF No. 10, PageID #: 79). For instance, the ALJ noted that Thornton sprained his ankle in 2017; that a left-ankle MRI "showed findings suggestive of bone infarction involving the distal articular surface of the tibia"; that there were "irregularities at the articular surface of the distal tibia suggestive of multiple nondisplaced subacute to chronic fractures"; that his orthopedist "advised [Thornton] that the MRI showed a cyst that can be monitored, or he could have surgery to clean out the cyst and place a bone graft in place, [but that Thornton] … opted to monitor the cyst for now and continued with a brace and pain cream." (ECF No. 10, PageID #: 80). Additionally, the ALJ pointed out that Thornton stated that his ankle impairment "had greatly improved since having the hardware removed, although he still had some discomfort about the ankle"; that "he has not seemed to participate in all treatment"; that he "stated [that] he never picked up the lace up ankle sleeve that had been ordered for him"; that Thornton opted to stick to a conservative treatment course because "the ankle feels decent when he wears the brace but is worse without the brace." (ECF No. 10, PageID #: 80). Concerning Thornton's functional limitations, the ALJ noted that in November 2018 Thornton "was able to rise from a seated position without difficulty [but that] … his gait was antalgic[] and he had difficulty with heel and toe walking." (ECF No. 10, PageID #: 81). Relatedly, the ALJ noted that Thornton's pain "medications decrease pain and improve functional ability without adverse effects." (ECF No. 10, PageID #: 80). Thus, the Court concludes that the ALJ properly considered the full scope of

>Thornton's left-ankle impairments and how those impairments translated to functional limitations, if any, which satisfies her duty to consider a claimant's severe and non-severe impairments in each subsequent step. *Emard*, 953 F.3d at 852.

Doc. 19 at 13-15 (footnotes omitted). At no time do not Thornton's objections address the above analysis performed by the Magistrate Judge. Instead, Thornton reiterates his assertions of error in the ALJ's decision and summarily concludes: "Any finding by the Magistrate Judge that consider that the ALJ discussed limitations and therefore is harmless error is an improper post hoc rationalization." Doc. 16 at 8.

The R&R's analysis cites extensively to the ALJ's decision and cannot be categorized as a post hoc rationalization. Instead, the R&R makes clear that the ALJ fully analyzed the limitations related to Thornton's ankle impairments despite the fact the terms left-ankle avascular necrosis, left-ankle bone infarction, and left-ankle posttraumatic arthritis were never used. Because the ALJ's analysis and the ultimate RFC were supported by substantial evidence, the R&R did not err when it concluded that any omission of Thornton's ankle impairments was harmless.

For the reasons stated above, Thornton's objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.


Dated: September 2, 2021  /s/ *John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE